# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| BRAD STEPHEN FRANCIS and<br>CHRISTINE CAROL FRANCIS, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | No. 4:16-cv-0672-DGK |
| UNITED STATES OF AMERICA, | )<br>)<br>) | |
| Defendant. | ) | |

## ORDER GRANTING MOTION TO DISMISS

This lawsuit arises out of *pro se* Plaintiffs Brad and Christine Francis' belief that they do not owe any income taxes or penalties for fiscal years 2010 through 2015. Plaintiffs contend all their income during this period was exempt from tax and, therefore, incorrectly reported as income by third parties. As a remedy, Plaintiffs request the Court issue injunctive relief requiring the Kansas City Area Director of the Internal Revenue Service ("IRS") to issue refunds, withdraw penalties, and refrain from taking further action against them.

Now before the Court is Defendant United States of America's motion to dismiss (Doc. 14). Defendant contends that since early 2014 Plaintiffs have been attempting to avoid their obligations to pay federal income taxes. Defendant argues Plaintiffs' claims are based on "tax protester" arguments that courts have repeatedly rejected.

Holding that the Court lacks subject matter jurisdiction to hear Plaintiffs' claims, Defendant's motion is GRANTED. The Court dismisses all claims with prejudice.

**Background**

Plaintiffs' First Amended Complaint lists six counts,[1] but it contains more than six claims because some of Plaintiffs' causes of action, such as their claim(s) brought pursuant to 26 U.S.C. § 7433, are pled in the "Jurisdictional Allegations" section. *See, e.g.*, Am. Compl. ¶¶ 13-15.

All of the claims seek injunctive relief (that is, writs of mandamus), instructing the Kansas City Area Director of the IRS to issue refunds to Plaintiffs, and to refrain from imposing tax penalties on them or otherwise use his authority against them. Am. Compl. ¶¶ 206-07, 253-55, 272-74, 294-96, 333-35, 344. Plaintiffs' claims stem from their allegations that the IRS wrongly rejected Plaintiffs' Forms 1040 and 1040X for multiple years in which Plaintiffs claimed zero wages, zero compensation, and zero income from other sources, despite filings from third parties indicating Plaintiffs had, in fact, received such income.

**Standard**

Defendant moves to dismiss the First Amended Complaint (Doc. 5) under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted. Because Defendant's subject matter jurisdiction arguments are dispositive, the Court need not address the 12(b)(6) arguments.

Dismissal under Rule 12(b)(1) is appropriate where the court lacks subject matter jurisdiction to hear the case. There are two types of challenges to subject matter jurisdiction under Rule 12(b)(1), "facial" attacks and "factual" attacks. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). A facial attack challenges subject matter jurisdiction based on the bare allegations in the complaint, and the Court assumes the allegations in the complaint are true.

---

[1] Claim One is for "Mala Fides Appeals," Claim Two asserts "Intrinsic Fraud," Claim Three alleges "Malicious Assessment," Claim Four pleads "Assault with Intent," Count Five brings a claim(s) of "Tampering; Unlawful Use of the Courts," and it is somewhat unclear what Count Six pleads. It is captioned "Count Six."

A factual attack considers matters extrinsic to the pleadings to determine if it has subject matter jurisdiction.

## Discussion

The pending motion is a facial attack because Defendant argues that even if the First Amended Complaint's allegations are true, the Court lacks subject matter jurisdiction because: (1) the Anti-Injunction Act prohibits the requested relief; (2) writs of mandamus are not available against the United States; (3) the Court cannot consider Plaintiffs' refund claims because they have not complied with the jurisdictional prerequisites to bring a tax refund suit against the United States; and (4) the Court cannot hear Plaintiffs' purported claim under 26 U.S.C. § 7433 because it does not provide jurisdiction for lawsuits challenging tax assessments, only for damages stemming from unauthorized tax collections.

Plaintiffs respond that they are seeking judicial review under 5 U.S.C. § 702 and under 26 U.S.C. § 7433. Suggestions in Opp'n 13-14 (Doc. 18). They contend the Court has jurisdiction under § 7433 because the First Amended Complaint makes allegations about collection activities. *Id.* at 13. Finally, they contend that writs of mandamus are their only remedy to stem Defendant's lawlessness and escalating abuse against them. *Id.*

The Court rules as follows.

First, the Anti-Injunction Act prohibits Plaintiffs' request for injunctive relief. The Anti-Injunction Act provides that, subject to certain statutory exceptions that Plaintiffs have not argued are applicable here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a); *see Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 405 (4th Cir. 2003) (noting "courts lack jurisdiction to issue injunctive relief in suits seeking to restrain the assessment or collection of taxes"). The

purpose of 26 U.S.C. § 7421 is to protect the collection of revenue and minimize pre-collection judicial intervention with that process. *See South Carolina v. Regan*, 465 U.S. 367, 376 (1984). In this case, Plaintiffs request to enjoin the Kansas City Area Director of the IRS from imposing tax penalties, or using his authority against Plaintiffs, would violate the Anti-Injunction Act. Therefore, these claims must be dismissed for lack of subject matter jurisdiction.

Second, Plaintiffs' claims seeking writs of mandamus must be dismissed because injunctive relief is available against an officer or employee of the United States only, not the United States itself. Granted, the Amended Complaint specifically seeks a writ enjoining the Kansas City Area Director of the IRS, an employee of the United States, but this individual was not named in the lawsuit so the Court lacks personal jurisdiction over him. The United States is the only Defendant, and injunctive relief is not available against it.

Third, the Court lacks jurisdiction to hear any refund claims because Plaintiffs have failed to comply with jurisdictional prerequisites before filing suit. As a threshold matter, Plaintiffs are seeking refunds: all six enumerated claims seek a "refund" for different amounts. Am. Compl. ¶¶ 206, 253, 272, 294, 334, 344. But the statutory authority for waiving sovereign immunity to sue for a tax refund provides that taxpayers may not bring refund suits "until a claim for refund or credit has been duly filed with the Secretary [of the Treasury], according to the provisions of law in that regard, and the regulations of the Secretary." 26 U.S.C. § 7422(a). While a tax return or amended tax return can be an administrative refund claim, 26 C.F.R. § 301.6402-3(a)(5), Plaintiffs purported tax returns improperly identifying zero income are not duly filed refund claims. *Waltner v. United States*, 679 F.3d 1329, 1333-34 (Fed. Cir. 2012) (collecting cases). Plaintiffs' returns improperly identified zero income, despite informational returns from third parties showing such income, as well as Plaintiffs' own signed returns for the 2010-2012 fiscal

4

tax years attesting to having such income. *See* Am. Compl. ¶¶ 54-55, 61, 150-53. Because Plaintiffs have not filed a proper refund claim for any tax year, they have not exhausted their administrative remedies, and this Court lacks jurisdiction over their claims.

Fourth, Plaintiffs' purported § 7433 claims must be dismissed for lack of subject matter jurisdiction because the statute allows lawsuits for damages stemming from unauthorized tax *collections* only, not lawsuits such as Plaintiffs' challenging a tax *assessment*. Section 7433(a) states, in relevant part:

> If, in connection with any *collection* of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7433(a) (emphasis added). It is a means for taxpayers to challenge tax collections, not tax assessments. *Kim v. United States*, 632 F.3d 713, 716 (D.C. Cir. 2011) ("Section 7433 applies only to collection-related activities."). The Amended Complaint asserts the IRS improperly assessed taxes and penalties against the Plaintiffs. For example, paragraph 62 alleges Plaintiffs' corrected returns represent their true liability; and paragraph 64 alleges the IRS erred by ignoring this evidence in assessing Plaintiffs' tax liabilities. Am. Compl. ¶¶ 62, 64. Although Plaintiffs argue paragraphs 276 through 293 specifically make allegations regarding collection activities, a close reading of these allegations shows that they all rest on claims that Defendant erred in *assessing* their taxes and imposing penalties. *See, e.g.*, Am. Compl. ¶¶ 276, 278. The Amended Complaint does not allege the IRS disregarded any Internal Revenue statute or regulation in connection with any *collection* activities against them. Hence, the Court lacks jurisdiction to hear these claims.

Finally, Plaintiffs assertion that 5 U.S.C. § 702 provides the Court with subject matter jurisdiction is unavailing. Section 702 entitles any person wronged by an agency action to judicial review, *except* where any other statute expressly or impliedly forbids the relief sought.[2] Here, the statutes Plaintiffs are invoking to sue provide narrow waivers of sovereign immunity which expressly forbid Plaintiffs from bringing this type of lawsuit. Consequently, § 702 does not provide subject matter jurisdiction for this lawsuit.

## Conclusion

For the reasons discussed above, Defendant's motion (Doc. 14) is GRANTED. All claims are dismissed with prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Date:   May 4, 2017                         /s/ Greg Kays
                                            GREG KAYS, CHIEF JUDGE
                                            UNITED STATES DISTRICT COURT

---

[2] It states:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: *Provided*, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. *Nothing herein* (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) *confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought*.

5 U.S.C. § 702 (emphasis added).